UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 17-23829-A-13J
)
EDWIN and SUSAN HATCH, ) Docket Control No. JRH-1
)
) Date: August 28, 2017
Debtors. ) Time: 2:30 PM
)
_____ )

**MEMORANDUM**

In connection with the debtors' attempt to confirm a chapter 13 plan, on June 16, 2017, the debtors filed a motion to value their home in El Dorado County. The motion is supported by the debtors' declaration which establishes their ownership of the property and that the property is encumbered by two deeds of trust. The senior lien, held by U.S. Bank, etc., secures a claim of approximately $188,179.84. The junior lien also is held by U.S. Bank. It secures a claim of approximately $45,541.

In the debtors' opinions, their home has a value of $160,000. Based on this value and the amount owed to U.S. Bank on its senior claim, U.S. Bank's junior lien is "out of the money" and the application of 11 U.S.C. § 506(a), as interpreted by the Ninth Circuit in In re Zimmer, 313 F.3d 1220 (9th Cir. 2002) and In re Lam, 211 B.R. 36 (B.A.P. 9th Cir. 1997), means that its lien can be "stripped off" the debtors' home. Its claim can be treated as an unsecured claim.

///

1 　　　However, U.S. Bank opposed the valuation motion, contending
2 that the home had a value of between $220,000.  At this value,
3 there is equity in the property after deducting the amount owed
4 to the senior lien.  In this circumstance, the debtors cannot
5 utilize section 506(a) to eliminate or reduce U.S Bank's junior
6 secured claim by virtue of the anti-modification provision of 11
7 U.S.C. § 1325(b)(2).  See Nobelman v. American Savings Bank, 508
8 U.S. 324 (1993).
9 　　　The $220,000 value is based on the expert opinion of an
10 appraiser, Neal E. Proctor.
11 　　　Given the conflict in the evidence concerning the value of
12 the home, an evidentiary hearing was necessary to determine that
13 dispute material fact.  See Fed. R. Bankr. P. 9014(d); Local
14 Bankruptcy Rule 9014-1(g).  Therefore, at the preliminary hearing
15 on the valuation motion on August 14, 2017, and after determining
16 the availability of the respondent, the court set an evidentiary
17 hearing on August 28 at 1:30 p.m.  The minutes of the August 14
18 hearing recite:

> There is a material disputed fact, the value of the
> subject property.  The parties shall appear on August
> 28 at 2:30 p.m. with their witnesses for a evidentiary
> hearing.  The witnesses who may be called are those
> persons for whom declarations have previously been
> filed.  Their declarations will be considered as their
> direct testimony.  They will be cross-examined at the
> hearing.  Each side will be given 45 minutes for
> argument and the examination of witnesses.

24 　　　In this court, a moving party is given the option of setting
25 a hearing on a motion with 14 or 28 days of notice.  See Local
26 Bankruptcy Rule 9014-1(f).  If 14 days of notice of the hearing
27 is given, the respondent is not required to file a written
28 response to the motion.  Instead, the respondent may appear at

the hearing, raise opposition orally, and if the court concludes that the opposition warrants further briefing, a schedule is set for filing evidence and briefs and a final hearing calendared. See Local Bankruptcy Rule 9014-1(f)(2).

If the moving party gives at least 28 days of notice of the hearing on the motion, the respondent is required to file written opposition to the motion 14 days prior to the hearing and the debtor must file any reply 7 days prior to the hearing. See Local Bankruptcy Rule 9014-1(f)(2).

In this case, the debtors gave more than 28 days of notice of the August 14 hearing on their valuation motion. This meant that the respondent's written opposition was due no later than July 31. It was timely filed.

Because the written opposition included an appraisal that disputed the debtors' valuation, there was a material disputed issue of fact. This dispute had to be resolved at an evidentiary hearing. See Fed. R. Bankr. P. 9014(d).

Therefore, at the evidentiary hearing, both the debtors and the respondent had to call their witnesses on the issue of value. And, while the court would consider their previously filed declarations as their direct testimony, each witness had to be produced for cross-examination. If not produced, their direct testimony would not be considered by the court.

While both debtors appeared and were cross-examined by counsel for the respondent, the respondent failed to produce Mr. Proctor. Therefore, the only evidence concerning value that will be entertained by the court is the testimony of the debtors. In their opinions, the property has a value of approximately

3

<mark>Filed 08/30/17</mark> <mark>Case 17-23829</mark> <mark>Doc 54</mark>

$160,000.

The respondent objected to their opinions because their declarations were not supported by "evidence" that corroborated a value of $160,000. This objection was without merit.

As the owners of the home in El Dorado county, the debtors were competent to offer a lay opinion as to its value. See Fed. R. Evid. 701; So. Central Livestock Dealers, Inc., v. Security State Bank, 614 F.2d 1056, 1061 (5th Cir. 1980). Neither debtor, however, was not qualified as an expert and so could not testify as to the types of information that an appraiser would reply upon to determine value. See Fed. R. Evid. 701, 702. "For example, the average debtor-homeowner who testifies in opposition to a motion for relief from the § 362 automatic stay, should be limited to giving his opinion as to the value of his home, but should not be allowed to testify concerning what others have told him concerning the value of his or comparable properties, unless the debtor truly qualifies as an expert under Rule 702 such as being a real estate broker, etc." Barry Russell, Bankruptcy Evidence Manual, Vol. II, § 701.2, p. 784-85 (2012-13).

Therefore, the foundation for the debtors' opinions was their status as the owner of the home, not other "evidence". Because only an expert qualified under Fed. R. Evid. 702 may rely on and testify as to facts "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject. . .", the lay opinion of value by a debtor is based only on the ownership of the property. See Fed. R. Evid. 703. See e.g., In re Wilson, 378 B.R. 862 (Bankr. D. Mont. 2007).

1　　　　The court hastens to add that even if the written appraisal
2　attached to Mr. Proctor's declaration could be considered by the
3　court, it does not persuade the court that the home has a value
4　of $220,000.
5　　　　First, his methodology was suspect.  It is based in part on
6　"comparable listings" not just comparable sales.  In the court's
7　experience, a seller frequently is willing to accept less than
8　the asking price.
9　　　　Second, the subject property is a manufactured home.  The
10　appraisal report admits that the local market for such properties
11　has been adversely affected by many foreclosures of manufactured
12　homes.  Indeed, one of the three comparable sales is a "short
13　sale" and all of the comparable listings are for "REO" properties
14　held by foreclosing lenders (a fact that casts further doubt on
15　the use of these listings to predict the value of the subject
16　property).
17　　　　Third, the appraisal report overstates the condition of the
18　property as average.  The debtors' declarations suggest that this
19　21 year old manufactured home may be in less than average
20　condition.  When the case was filed, one of the two bathrooms was
21　not operable, its siding was showing signs of rot, it was not on
22　a permanent foundation, windows in two rooms were broken, a
23　sliding door was inoperable, there was a crack in the ceiling,
24　and there was a spill of raw sewage under the home.  None of
25　these conditions were noted in the appraisal.
26　　　　Therefore, the court finds and concludes that the fair
27　market value of debtor's residence is $160,000.  It is encumbered
28　by a first deed of trust held by U.S. Bank.  The first deed of

trust secures a loan with a balance of approximately $188,000. As a result, U.S. Bank's second claim secured by a junior deed of trust is completely under-collateralized. No portion of this claim will be allowed as a secured claim. See 11 U.S.C. § 506(a). Its deed of trust will remain of record until the plan is completed. This is required by 11 U.S.C. § 1325(a)(5)(B)(i). Once the plan is completed, if the respondent will not reconvey its deed of trust, the court will entertain an adversary proceeding.

Dated: August 30, 2017

By the Court

Michael S. McManus
United States Bankruptcy Judge

# Instructions to Clerk of Court
## Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

| | | |
|---|---|---|
| Edwin Dean Hatch<br>P.O. Box 865<br>Somerset CA 95684 | Susan Geri Hatch<br>P.O. Box 865<br>Somerset CA 95684 | Jan P. Johnson<br>PO Box 1708<br>Sacramento CA 95812 |
| Office of the U.S. Trustee<br>Robert T Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento CA 95814 | U.S. Bank National Association<br>The Wolf Firm<br>2955 Main St, 2nd Fl<br>Irvine CA 92614 | |